**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **WESTFIELD NATIONAL INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>              **Plaintiff**<br>       **v.**<br><br>**RNG INTERNATIONAL, INC.**<br>**5050 S. ARCHIBALD AVENUE**<br>**ONTARIO, CA 91762**<br><br>              **Defendant** | **CIVIL ACTION NO.:   5:24-cv-1858**<br><br>**JURY DEMAND**<br><u>**ENDORSED HEREON**</u> |

**<u>COMPLAINT</u>**

Plaintiff, Westfield National Insurance Company, by and through its undersigned counsel, hereby demands judgment against Defendant, and complains against it as follows:

**<u>PARTIES</u>**

1.     Plaintiff, Westfield National Insurance Company ("Plaintiff" or "Westfield") is an insurance company, organized under the laws of the state of Ohio with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2.     Thomas and Mary Buschman (the "Buschmans") are adult individuals and husband and wife, who reside at 3063 Greensburg Road, North Canton, OH 44720.

3.     At all times relevant hereto, Westfield provided vehicle insurance coverage to the Buschmans. Payments have been made to the Buschmans by Westfield, which is, thereby, subrogated to the Buschmans' interest in this claim.

4.     Defendant, RNG International, Inc. ("Defendant" or "RNG") is, upon information and belief, a corporation organized and existing under the laws of the state of California, with its

1

principal place of business located at 5050 S. Archibald Avenue, Ontario, CA 91762 and was duly authorized to engage in business in the State of Ohio.

5.     At all times relevant hereto, Defendant, upon information and belief, was in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce, *inter alia*, renewable energy products and did, in fact, design, assemble, manufacture, test, distribute, market and/or sell a lithium-ion battery (Model No. RBT210LFP51S-12; Part No. RBT210LFP51S-12-G1-U) (the "subject battery") at issue in this case.

## JURISDICTION AND VENUE

6.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8.     Prior to January 25, 2024, Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or placed into the stream of commerce the subject battery, which was intended for use by consumers for the ordinary purpose associated with lithium-ion batteries.

9.     On or about March 13, 2023, the Buschmans purchased a 2023 B Jayco Terrain 19Y motor home (VIN #W1W4EBVY1NT093862) (the "subject vehicle") from Krenek Motors, Inc.  The subject battery had previously been installed in the subject vehicle by Jayco.

10.     From March 13, 2023 through January 25, 2024, the Buschmans experienced numerous issues with the subject vehicle, including, but not limited to, the emergency flashers and wipers malfunctioning and the subject battery not charging and showing fault modes.

11.     The subject vehicle was taken to Mercedes-Benz of Willoughby ("Mercedes") and General RV Center ("General RV") numerous times to resolve the various issues.

12.     On or about January 25, 2024, while the subject vehicle was at General RV, the subject battery malfunctioned, catastrophically failed, and caused a fire.

13.     From January of 2024 through April of 2024, the National Highway Traffic Safety Administration ("NHTSA") issues various recall reports for the subject battery. See copies of the NHTSA's various recall reports attached hereto as Exhibit "A".

14.     This fire led to extensive damage to the subject vehicle which was directly and proximately caused by the Defendant as is further and more fully described below.

15.     Plaintiff reimbursed the Buschmans for such damages in accord with the terms and conditions of their aforementioned insurance policy, and the coverage afforded therein, and now seeks reimbursement hereunder for such damages against the responsible parties.

## COUNT I – NEGLIGENCE

16.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

17.     The Buschmans' damages were the direct result of the negligence, careless conduct, and/or acts or omissions of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

        a.     failing to design, manufacture, assemble, test, inspect, market, distribute, sell and/or place into the stream of commerce a properly functioning and defect-free battery, which after reasonable and foreseeable use malfunctioned and catastrophically failed;

3

b.  designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery when Defendant knew, or should have known, that it was unsafe and unfit for its intended use;

c.  designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery when it knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

d.  designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery that catastrophically failed and/or malfunctioned;

e.  designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce a dangerously defective battery that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

f.  failing to properly and adequately design, manufacture, assemble, test and/or inspect the subject battery prior to introducing it into the stream of commerce;

g.  failing to provide adequate and sufficient warnings and instructions with respect to the subject battery, which rendered it defective and unreasonably dangerous; and

h.  designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery in a defective condition which rendered it hazardous and dangerous for its contemplated and intended use.

18.  As a direct and proximate result of the aforementioned negligence, the Buschmans sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $75,000.00; and Plaintiff suffered the financial loss noted above as a result thereof.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances

## COUNT II – BREACH OF WARRANTIES

19.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

20.     In conjunction with the design, manufacture and sale of the subject battery, Defendant expressly and impliedly warranted that it would be free from defects and safe to use for its intended purpose. The Buschmans relied upon the warranties to their detriment.

21.     Defendant breached these warranties because the subject battery was not free of defects, was not of merchantable quality, and was not fit for the purposes for which it was intended.

22.     The Buschmans and Plaintiff have performed all conditions precedent to recover based upon such breaches.

23.     As a direct and proximate result of the aforementioned breaches, the Buschmans sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $75,000.00; and Plaintiff suffered the financial loss noted above as a result thereof.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – STRICT PRODUCT LIABILITY

24.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

25.     Defendant was engaged, in the business of *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce, lithium-ion batteries and Defendant furthermore specifically designed, manufactured,

assembled, tested, inspected, marketed, distributed, sold and/or placed into the stream of commerce the subject battery at issue in this case.

26.     The subject battery was not modified, changed, altered, misused, or abused after Defendant placed the battery into the stream of commerce.

27.     Defendant knew, and intended, that the subject battery would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said battery would be utilized.

28.     Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or placed into the stream of commerce the subject battery in a dangerous and defective condition, which ultimately led to a catastrophic failure and/or malfunction.

29.     Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or placed into the stream of commerce the subject battery in a defective condition, unreasonably dangerous to Plaintiff's insureds, as well as other consumers.

30.     Defendant knew, or should have known, that the subject battery would, and did, reach Plaintiff's insureds without substantial change in the condition in which it was originally selected and sold.

31.     The subject battery was not altered in any manner that caused or contributed to the fire after the battery originally left the possession of Defendant.

32.     The subject battery was operated in a foreseeable, normal, ordinary and intended manner at all relevant times.

33.     The fire loss, and resulting damage, were caused by the acts and/or omissions of Defendant, by and through its agents, servants, employees and/or representatives, acting within

the course and scope of their employment and/or authority, for which Defendant is liable for the

following reasons:

a. failing to design, manufacture, assemble, test, inspect, market, distribute, sell and place into the stream of commerce a properly functioning and defect-free lithium-ion battery, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b. failing to properly determine that the subject battery was not in a safe condition and free of all material defects;

c. designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery when it knew, or should have known, that the subject battery was unsafe and unfit for its intended use;

d. designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery when Defendant knew, or should have known, that the subject battery would be inadequate for the reasons for which it was purchased;

e. designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

f. failing to provide adequate and sufficient warnings and instructions with respect to the subject battery, which rendered it defective and unreasonably dangerous;

g. designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling and/or placing into the stream of commerce the subject battery in a defective condition which rendered the subject battery hazardous and dangerous for its contemplated and intended use;

h. designing, manufacturing and distributing a dangerously defective lithium-ion battery that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of fire;

i. the subject battery was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

j.  the probability of injury times the gravity of injury under the current design of the subject battery is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

k.  common experience teaches that the fire damage would not have occurred in the subject battery in the absence of a defect; and

l.  the foreseeable risks associated with the design of the subject battery exceed all benefits.

34.  The aforementioned defects, or defective conditions, existed at the time Defendant placed the subject battery into the stream of commerce.

35.  The defective, unreasonably dangerous and unsafe condition of the subject battery was a direct cause of the damages sustained by Plaintiff.

36.  For these reasons, Defendant is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts, the Restatement (3d) of Torts, and the applicable case law of the State of Ohio.

37.  As a direct and proximate result of the aforementioned defects, the Buschmans sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $75,000.00; and Plaintiff suffered the financial loss noted above as a result thereof.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

**de LUCA LEVINE, LLC**

By:     _s/Matthew Connolly_
                Matthew Connolly, Esquire
                de Luca Levine, LLC
                301 E. Germantown Pike, 3rd Floor
                East Norriton, PA 19401
                215-383-0081
                215-383-0082 (fax)
                mconnolly@delucalevine.com
                Attorneys for Plaintiff

Dated: 10/25/2024